No. 12740

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

FLATHEAD COUNTY WELFARE DEPARTMENT,

                Plaintiff and Respondent,

   -vs-

MELISSA ENDRES and PETER JASON ENDRES,
Dependent and neglected children,

                Defendants and Appellants.

_____

Appeal from:  District Court of the Eleventh Judicial District,
             Honorable Robert Sykes, Judge presiding.

Counsel of Record:

    For Appellants:

        McGarvey, Morrison, Hedman & Moore, Kalispell,
         Montana
        James D. Moore argued, Kalispell, Montana
        Leonard Kaufman, Kalispell, Montana

    For Respondent:

        H. James Oleson argued, Kalispell, Montana

_____

                Submitted:  January 21, 1975

                  Decided: APR - 8 1975

Filed: APR - 8 1975

_____

                       Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the district court, Flathead County. From the record it appears that on August 19, 1972, Melissa and Peter Endres, then aged four and one-half years and nine months respectively, were taken by their mother, Mrs. Sherrie Endres, to the home of their great uncle and aunt, Mr. and Mrs. Thomas Torgerson of Olney. At this time the parents, William and Sherrie Endres, were experiencing a period of marital instability. In addition, the father had been disabled in an industrial accident and was experiencing difficulty in supporting his family, since he had not yet received compensation from his pending Workmen's Compensation claim. Sherrie made three subsequent attempts to retrieve the children from the Torgerson home. This apparently prompted the Torgersons to contact the Flathead County Welfare Department as a step toward institution of the present action.

A petition for "temporary custody" was filed on December 7, 1972, by Reuben Wilbur, a social worker with the Flathead County Welfare Department. The petition alleged the children were dependent and neglected as to Sherrie Endres. No mention was made in the petition regarding permanent custody, nor of the father, William Endres. On the same date, the district court, without notice to the parents or an opportunity for them to be heard, issued an order awarding temporary custody of the children to the Welfare Department and an order to show cause, directed to Sherrie, why the children should not be declared dependent and neglected.

At the show cause hearing on January 23, 1973, the father, William Endres, did not appear. The petition did not name him and he, therefore, had not been served. Thereafter, William Endres

was served with a citation directing him to appear to show cause why the children should not be declared dependent and neglected.

The next hearing took place on April 11, 1973. Both parents were present, although without assistance of counsel.

By order dated April 11, 1973, the district court ordered the hearing continued to November 13, 1973; ordered the Division of Child Welfare Services to investigate the parents and submit a report prior to November 1, 1973, with power to recommend adoption; and further ordered the children to remain for the next six months in the custody of the Division of Child Welfare Services.

The Missoula County Department of Public Welfare filed its "Report to the Court" on October 31, 1973. The report stated the results of the investigation of the parents. It did not recommend adoption nor a permanent custody arrangement, but merely stated that the children not be returned to their parents at this time. The hearing scheduled for November 13, 1973, was continued until November 29, 1973, because the parents had not been served with the "Report to the Court".

At the final hearing on November 29, 1973, the court stated the issues to be resolved were whether the request of the Welfare Department for permanent custody should be granted and whether William Endres should be found to have neglected the children. At this hearing, the court continually referred to it as one for the resolution of permanent custody of the children. William Endres was not present at this hearing although he was represented by counsel. Based upon all the evidence presented, the court found William Endres guilty of neglecting his children. At the conclusion of the hearing, the court awarded permanent custody of the children to the Welfare Department with full

authority to adopt.

William and Sherrie Endres present many issues on appeal. This opinion will primarily be directed to the resolution of the issue which we find to be determinative of this appeal: Whether the district court erred in granting permanent custody to the Welfare Department although no petition for permanent custody of the children had ever been filed by the Welfare Department? We hold the district court erred.

The petition filed in the district court, which prayed that the district court make an order declaring Melissa and Peter Endres dependent and neglected children, was a printed form. Typed in one of the blanks of the form was the statement: "We request temporary custody * * *." Section 93-401-19, R.C.M. 1947, directs that written words control those of a printed form. Therefore, the petition was for temporary custody. On several occasions at the April 11 hearing, the district court told the parents that this was a matter respecting temporary custody and that the Welfare Department had not filed a petition for permanent custody. In its final "Report to the Court", the Welfare Department did not ask for permanent custody, but merely that the children not be returned to the parents at that time.

In Crenshaw v. Crenshaw, 120 Mont. 190, 202, 182 P.2d 477, the complaint sought a decree of separate maintenance. The district court, however, granted a decree of divorce without ever amending the complaint. This Court reversed stating: "It is elementary that proof without pleadings will not sustain a decree." That case is analogous to the instant one.

William Endres contends there was error in that his name was never placed upon the petition. The petition refers to the parents as "Sherrie Endres and unknown". In light of the fact

that William Endres was served with a citation to appear for the April 11 hearing, the failure to physically inscribe his name on the petition was harmless error.

The Endres' allege error in that the Welfare Department did not comply with the provisions of section 10-506, R.C.M. 1974, since repealed, which required the Welfare Department to file with the court a report of the financial ability of the parents. This failure to file a report of the parents' financial ability is harmless error. The purpose of the financial report required by section 10-506 was to determine the ability of the parents to pay the cost of taking care of such child in a foster home. Here, no order was made respecting the cost of taking care of the children in a foster home.

The Endres' further contend the district court erred in failing to comply with section 10-508, R.C.M. 1947, since repealed, which provided:

> "On such hearing or examination, the child shall
> be brought before said court, whereupon it shall
> be the duty of said court to investigate the facts
> and ascertain whether said child is a dependent
> child, its residence, and, as far as possible,
> the whereabouts of the parents, guardian, or
> nearest adult relatives; when and how long the child
> has been maintained, in whole or in part, by public
> or private charity; the occupation of the parents,
> if living; whether they are supported by the public,
> or have abandoned their child; and to ascertain,
> as far as possible, if the child is found dependent,
> the cause thereof. * * *"

We find no error. True, the children were not brought before the court, however, no objection to this was ever made. Failure to object constitutes waiver. The district court specifically found the parents guilty of neglecting their children, not that the children were dependent or abandoned. While the district court made no specific findings with respect to the remaining facts to be investigated, those facts appear in the record.

Because of the lack of due process the court was without

jurisdiction to make and enter its order dated November 29, 1973. The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

- 6 -